Marie C. JOSBERGER,
Plaintiff-Appellant,

v.

The UNIVERSITY OF TENNESSEE, James C. Hunt, M.D., individually and as Chancellor of the University of Tennessee Center for Health Sciences, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 7, 1985.

Permission to Appeal Denied by Supreme Court April 29, 1985.

Donald A. Donati, Memphis, for plaintiff-appellant.

Beauchamp E. Brogan and Ronald C. Leadbetter, Knoxville, for defendants-appellees.

MATHERNE, Retired Judge.

The issue is whether the plaintiff Marie C. Josberger was properly discharged from her position as Professor of Nursing at the School of Nursing, University of Tennessee Center for Health Sciences (UTCHS). In accordance with the provisions of the *Fac-*

*ulty Handbook,* the plaintiff was notified of the proposed termination of her employment; was advised of and granted a hearing before a special committee as required by the *Faculty Handbook;* was notified by the Chancellor of UTCHS that her employment was terminated for cause, which termination was upheld by the President of the University of Tennessee and the Board of Trustees of the University of Tennessee. Thereupon, the plaintiff sought judicial review of the termination by filing her Petition for Review with the Chancery Court for Shelby County, Tennessee, as allowed by Tennessee Code Annotated, Section 4–5–322. The chancellor upheld the action of the university officials and affirmed the termination of plaintiff's employment.

As allowed by T.C.A. § 4–5–323, the plaintiff appeals to this court under two issues for review: (1) whether there is substantial and material evidence in the record to support the termination of employment in light of the fact that the *Faculty Handbook* requires the institution to show by "clear and convincing evidence" that the plaintiff is guilty of the charge brought against her; and (2) whether the actions of the university officials were arbitrary or capricious, or characterized by an abuse of discretion.

Under T.C.A. § 4–5–322(h), a reviewing court can reverse or modify the decision of an agency if the rights of the petitioner have been prejudiced because of administration's findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In this court, the plaintiff has raised grounds (4) and (5) as reasons for a reversal of the agency's decision.

We first note that in the chancery court both sides of the lawsuit moved for summary judgment, each stating that there is no genuine issue of material fact to be resolved in this lawsuit. The chancellor overruled the plaintiff's motion for summary judgment, granted the university's motion for summary judgment and dismissed the lawsuit. We, therefore, have no factual issue before this court, but we must determine if the record, consisting only of undisputed facts, justifies a reversal under subsections (4) and (5) of T.C.A. § 4–5–322(h).

Effective July 1, 1979, the plaintiff was appointed Dean and Professor of Nursing of the College of Nursing, UTCHS. In March of 1981, the plaintiff resigned as Dean of the College of Nursing, but remained as a Professor in that college. In June 1981, the plaintiff submitted her resignation as a faculty member effective June 30, 1982.

During the fall quarter 1981, the plaintiff was relieved of her teaching duties by Dr. Dianne Greenhill, Acting Dean of the College of Nursing. The plaintiff filed a grievance with the faculty senate which appointed a committee to make appropriate findings and recommendations. This committee found both Dean Greenhill and the plaintiff somewhat at fault, did not uphold the termination of the plaintiff's teaching duties, and recommended that if a satisfactory teaching position could be mutually agreed upon, that the plaintiff be restored to the classroom. No further administrative action was taken relative to this grievance filed by the plaintiff.

Dr. James C. Hunt, Chancellor of UTCHS, refused to remove the plaintiff from the College of Nursing and set in motion a process for finding an assignment for her. In November 1981, Dr. John A. Shively, Vice Chancellor for Academic Affairs, was asked to determine a suitable assignment for the plaintiff for the remainder of the academic year. Discussions were held between Dr. Shively and the

plaintiff. On December 2, 1981, Dr. Shively and Dean Greenhill identified a work assignment for the plaintiff, and on December 3, 1981, the plaintiff was informed by Dr. Shively to report to Dean Greenhill for this special assignment. On December 11, 1981, Chancellor Hunt wrote the plaintiff to report to Dean Greenhill immediately for assignment that had been identified for her. The plaintiff did not report to Dean Greenhill immediately, but rather she ignored this directive until January 8, 1982, when she did report to Dean Greenhill for the assignment.

At the January 8, 1982, meeting, Dean Greenhill assigned to the plaintiff the task of developing two graduate courses for the fall quarter of 1982. These courses were "Patterns of Inquiry" and "Health Care Systems." At this meeting, Dean Greenhill explained the assignment to the plaintiff, answered her questions concerning research materials, personnel to contact and reviewed the entire assignment with the plaintiff. At no time did the plaintiff question the assignment, ask for a different assignment, nor indicate that she could not accomplish the task. We hold that the plaintiff accepted the assignment, and any mutuality required by the former findings of the faculty committee was complied with if such compliance was necessary.

By letter dated January 27, 1982, Dr. Leon S. McAulay, Chairman of the Curriculum Committee for the College of Nursing, wrote to the plaintiff requesting that she submit to him certain outlines and objectives on the two courses before a March 1, 1982, faculty meeting date at which these matters would be discussed. This request was not complied with by the plaintiff. By letter dated February 16, 1982, the plaintiff wrote Dean Greenhill that she did not possess the necessary expertise to carry out the assignment. Dean Greenhill would not accept this statement in that anyone with the training, experience and background of the plaintiff could accomplish the assignment. Dean Greenhill spoke with the plaintiff by telephone on or about February 25, 1982, when the plaintiff advised her that she, the plaintiff, was going to take two or three weeks' sick leave.

The plaintiff thereupon left for Florida to be with her family. She claims that she was sick and worn down and that by the advice of her doctor she needed the rest. Dean Greenhill asked for a doctor's statement concerning the plaintiff's need for rest. This statement was forwarded after the fact of leaving and in a manner that could properly be characterized as tardy. While in Florida the plaintiff was repeatedly contacted by administration officials of the university to the effect that she was absent without permission and that she should immediately report to the university and complete her assignment. Finally, the plaintiff notified the university that she would return on March 22, 1982, which, incidentally, was the date that she arranged her return trip when she left Memphis in the middle of February. The plaintiff never produced one aspect of the task assigned to her, she produced no notes, rough drafts, comments or observations. She said she read some books, but insofar as accomplishing the assigned task she did not show that she had done anything.

Thereupon, Chancellor Hunt notified the plaintiff by letter dated March 22, 1982, that he was proceeding to terminate her employment with the university based on the following charge:

> Significant neglect of duty, which is failure or refusal to carry out assigned University responsibilities.

The plaintiff asked for and received a hearing before a committee appointed by the Faculty Senate. That body reported that:

> The Committee is unable to substantiate by two-thirds majority vote the charge of significant neglect of duty, which is failure or refusal to carry out assigned University responsibilities.

◼ This recommendation of the committee and the entire record of the hearing before it was reviewed by Chancellor Hunt. He found clear and convincing evidence that the plaintiff had failed or refused to carry out assigned university responsibili-

ties and proceeded to recommend to the President of the University that the plaintiff's employment be terminated. Notice of the chancellor's ruling was given to the plaintiff and to the President of the University along with the entire record. The President of the University upheld Chancellor Hunt's decision, which was subsequently upheld by the Board of Trustees. This procedure was in keeping with the *Faculty Handbook* and the plaintiff cannot claim lack of due process.

■ We hold that the facts establish clear and convincing proof that the plaintiff is guilty as charged, and there is material and substantial evidence to warrant her discharge. We further hold that the actions of the university officials were not arbitrary or capricious, or characterized by an abuse of discretion.

■ The plaintiff argues that she should not have been suspended without pay, pending the hearing or until June 30, 1982, when her employment would have been terminated. The *Faculty Handbook* provides that suspensions without pay may be accomplished by termination for cause only with the consent of the Faculty Senate Executive Committee. The facts establish that Chancellor Hunt suspended the plaintiff for cause and that the suspension without pay was unanimously approved by the Executive Committee of the Faculty Senate.

The decree of the chancellor is affirmed. The cost in this court is adjudged against the plaintiff-appellant for which execution may issue, if necessary.

CRAWFORD and HIGHERS, JJ., concur.